441 So.2d 1294 (1983)
STATE of Louisiana
v.
Leslie BURNS.
No. 83 KA 0344.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*1295 Leila S. Withers, Asst. Dist. Atty., 19th Judicial Dist. of Louisiana, for plaintiff-appellee.
Kathleen Stewart Richey, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Leslie Burns was charged by bill of information with committing armed robbery in violation of La.R.S. 14:64. A jury convicted him as charged, and he was subsequently sentenced to serve fifty years at hard labor, without benefit of probation, parole, or suspension of sentence. He has appealed, alleging three assignments of error:
1. The trial court erred by allowing the victims to identify defendant in court despite the fact that the court had previously granted a motion to suppress identification.
2. The court erred by sustaining the state's objection to defense cross-examination of a state witness.
3. The court imposed an excessive sentence.
We affirm.
ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error defendant argues that the court erred in allowing the in-court identification of defendant by the victims because there was not a sufficient *1296 independent source of identification of defendant other than the photographic identification which had been suppressed at a prior hearing.
After jury selection had been completed, defendant filed a motion to suppress the photo-lineup-identification. At the hearing on the motion to suppress, both victims testified and positively identified defendant as their assailant. The state presented testimony relating to the precautions undertaken to prevent the witnesses identifying anyone through suggestive means. However, the photographic lineup identification was suppressed because the police officers had not recorded the names of the individuals other than the defendant whose photographs were used in the lineup making it impossible to duplicate the lineup. At trial, defendant objected to the in-court identification by the victims claiming the original identification was tainted, and therefore any subsequent identification would also be tainted and inadmissible. The court overruled the objection, noting that the prior ruling was based on the fact that the officer who participated in the photographic lineup failed to keep information by which the lineup could be duplicated, precluding the court from making an independent observation. The court specifically noted, however, that the photographic lineup was not suppressed as being suggestive and that it had declined to rule on whether the lineup was suggestive.
A defendant attempting to suppress an identification must prove (1) that the identification was "suggestive" and (2) that there was a likelihood of misidentification in the identification procedure. State v. Chaney, 423 So.2d 1092 (La.1982). The defendant has the burden of proving the suggestiveness of out-of-court photos. La. C.Cr.P. art. 703(C), State v. Vaughn, 378 So.2d 905 (La.1979). Even if it is established that a pre-trial identification of an accused was the product of impermissible suggestion, the in-court identification is admissible if it has an independent basis. State v. Winn, 412 So.2d 1337 (La.1982).
Factors to be considered in determining the reliability and existence of an independent source include the following:
1) the opportunity of the witness to view the criminal at the moment of the crime;
2) the degree of attention of the witness;
3) the accuracy of the prior description of the criminal;
4) the level of certainty of the identification; and
5) the elapsed time between the crime and the confrontation.
Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Davis, 407 So.2d 702 (La.1981).
The court, after analyzing these factors, allowed the in-court identification, finding that the circumstances as a whole indicated that both victims had an opportunity to view the perpetrator extensively. The record reflects that the photographs were shown to the victims five days after the occurrence of the incident and that the attention of the victims was specifically attracted to the face of the perpetrator. The court further noted the accuracy of the prior description of the defendant and found it consistent with that of the accused and his photograph. Finally, the court noted that both victims were absolutely certain of their identification. In light of all of these considerations, the court found that an in-court identification would not have been tainted to the extent of being inadmissible. We find no error in this holding.
ASSIGNMENT OF ERROR NUMBER TWO:
Assignment of error number two was not briefed on appeal, and is therefore considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir. 1983).
ASSIGNMENT OF ERROR NUMBER THREE:
In this assignment of error defendant argues that the trial court imposed an excessive sentence.
*1297 The maximum sentence that can be imposed for the crime of armed robbery is imprisonment at hard labor for not more than ninety-nine years, without the benefit of probation, parole, or suspension of sentence. La.R.S. 14:64. The court is required to impose a minimum sentence of five years at hard labor without the benefit of parole, probation or suspension of sentence.
Defendant argues that the court considered only defendant's extensive criminal record in imposing the sentence of fifty years and did not consider any of the mitigating factors required to be considered under La.C.Cr.P. art. 894.1. Defendant also questioned the appropriateness of the court's consideration of defendant's arrest for murder, since those charges had been dropped.
The trial court has wide discretion in the imposition of sentences. State v. Fleming, 428 So.2d 947 (La.App. 1st Cir. 1983). When the trial judge recites some of the La.C.Cr.P. art. 894.1 factors such as defendant's lengthy criminal history or the risk that defendant would commit another crime, a factual basis for the sentence is present and it is not necessary for the trial judge to enumerate each factor under the article. State v. Mott, 409 So.2d 263 (La. 1982). We find the court has sufficiently articulated its reasons for the imposition of the sentence.
The sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. The prior criminal activity which the court may consider in imposing sentence is not limited to prior convictions. State v. Washington, 414 So.2d 313 (La.1982). We find no error in the consideration of defendant's prior criminal activities.
The sentence imposed herein, approximately one-half (½) of the maximum permissible, is not apparently severe as applied to this defendant. The pre-sentence report indicates two prior offenses of armed robbery and numerous arrests for aggravated assault and aggravated battery, as well as other charges for crimes against the person. The court noted that it was imposing the sentence because of the likelihood that defendant would commit another crime, possibly of a more serious nature. We find no abuse of discretion.
For reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.