441 So.2d 1288 (1983)
STATE of Louisiana
v.
Kenneth FLOWERS.
No. 83 KA 0274.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*1289 Salvador J. Liberto, Jr., Asst. Dist. Atty., Covington, for appellee.
John R. Simmons, Jr., Covington, for appellant.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Defendant, indicted by grand jury on a charge of second degree murder in violation of La.R.S. 14:30.1, was convicted by jury of manslaughter. He was sentenced to serve eighteen years in prison. Defendant appealed, alleging three assignments of error. We affirm.
The defendant and a friend parked by the car of the victim, Calvin Brown, at a convenience store. The defendant got out of his car, exchanged words with Brown, and punched Brown through the window of his car. Brown got out of his car and pulled a knife. The defendant, having also pulled a knife, stabbed Brown, who died that same night.
The defendant picked up Brown's knife and left the scene of the crime. He got his wife to drive him back to the convenience store where he turned over both knives to the police. He admitted to the stabbing after being advised of his rights.
Defendant's first assignment of error requested that the judgment be reversed if any error patent on the face of the record were found. We find no such error.
Defendant's second and third assignments of error allege that the trial judge failed to comply with the provisions of La. C.Cr.P. art. 894.1 and that the sentence is excessive.
La.C.Cr.P. art. 894.1 requires the trial judge to state for the record the considerations taken into account by him and the factual basis therefor when imposing sentence. The trial judge need not set forth all the factors listed in the statute to which he accorded some weight. State v. Coleman, 432 So.2d 323 (La.App. 1st Cir. 1983). Without the trial court's articulation, however, the sentence may appear to be arbitrary or excessive, unless there is evidence elsewhere in the record which clearly illumines the sentencing choice. State v. Washington, 414 So.2d 313 (La. 1982).
In sentencing the defendant, the trial judge relied on 1) the fact that the killing was over a senseless situation which the defendant had the ability to avoid; 2) the defendant's arrest record noting arrests for crimes affecting the person; and 3) his conclusion that the community needed to be protected from such a person.
While the trial judge's statement did not cover each factor in art. 894.1, we feel that he considered all of them including defendant's personal factors. The defendant's potential danger to the community outweighed the mitigating factors.
The defendant's prior criminal activity not resulting in convictions was properly considered. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983). Included in defendant's presentence investigation report *1290 were several arrests and two convictions for assault and battery.
While the sentence imposed is close to the maximum twenty-one years, La.R.S. 14:31, we find that the factual basis for the sentence was set forth in sufficient detail in the trial evidence. From this and the trial judge's articulated reasons, we conclude the sentence was not arbitrary or excessive. There was no manifest abuse of the trial judge's discretion.
For these reasons, the appeal is affirmed with costs assessed to the defendant.
AFFIRMED.