457 So.2d 1261 (1984)
STATE of Louisiana
v.
Charles PERRY.
No. 84 KA 0289, 84 KA 0290.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Ossie Brown, Dist. Atty. by Brett Grayson, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
*1262 CARTER, Judge.
Charles Perry[1] was charged by grand jury indictment with second degree murder in violation of LSA-R.S. 14:30.1. After trial by jury, he was found guilty of the responsive verdict of manslaughter in violation of LSA-R.S. 14:31. Perry was adjudged to be a second habitual offender pursuant to LSA-R.S. 15:529.1 and was sentenced to serve 21 years in the custody of the Department of Corrections.
Defendant appeals his conviction and sentence assigning six assignments of error. Since assignments of error nos. 1, 2, 3 and 6 were not briefed on appeal, they are therefore considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
In assignments of error nos. 4 and 5, defendant argues that the trial judge failed to comply with the provisions of LSA-C. Cr.P. art. 894.1 in that the sentence is excessive.

FACTS
The evidence adduced at trial indicates that on the evening of July 31, 1982, defendant left the house in which he was living and approached a group of people standing in the street. Apparently there had been some controversy over defendant's "lady friend," and defendant exchanged words with two of the men in the group, Reginald Wright and Sam Guy. Defendant went to his home, got a knife and returned and stabbed Sam Guy in the arm whereupon Guy immediately left the scene. Defendant then stabbed Reginald Wright in the chest, and Wright subsequently died on August 17, 1982, of the injuries sustained.

ASSIGNMENT OF ERROR NO. 4
In Assignment of Error No. 4, defendant contends that the trial court failed to properly follow the guidelines of LSA-C.Cr.P. art. 894.1. Defendant contends that the court considered defendant's criminal record in imposing sentence but did not sufficiently consider the mitigating factors listed in LSA-C.Cr.P. art. 894.1.
The trial judge is required to state for the record the considerations taken into account by him and the factual basis therefor when imposing sentence. However, he need not set forth all the factors listed in the statute to which he accorded some weight. State v. Flowers, 441 So.2d 1288 (La.App. 1st Cir.1983). Further, when a trial judge recites some of the 894.1 factors such as defendant's lengthy criminal record or the risk that defendant would commit other crimes, a factual basis for the sentence is present and it is not necessary for the trial judge to enumerate each factor under the article. State v. Burns, 441 So.2d 1294 (La.App. 1st Cir. 1983), writ denied, 444 So.2d 1242 (La. 1984). The trial court sufficiently articulated its reasons for imposition of the sentence.[2]
*1263 The trial judge placed great weight on defendant's prior record and the seriousness of the crime for which he was convicted. He felt that defendant's prior record and the seriousness of the crime outweighed any mitigating factors that may be in his favor. The court has sufficiently articulated its reasons for the imposition of the sentence, and this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
In this assignment of error, defendant contends that the trial court imposed an excessive sentence.
A majority of the Louisiana Supreme Court has held that Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979).[3] The trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Shields, 444 So.2d 287 (La.App. 1st Cir. 1983), writ denied 446 So.2d 312 (La.1984).
The authorized sentence for a defendant convicted of manslaughter as a second felony offense is imprisonment at hard labor for not less than seven years nor more than forty-two years. LSA-R.S. 14:31; LSA-R.S. 15:529.1. The sentence imposed in the present case of twenty-one years is one-half the maximum sentence that defendant could have received. The record does not support defendant's claim of an excessive sentence. The trial judge noted defendant's recurrent involvement in criminal activity, the seriousness of the offense for which defendant was convicted, and the risk of additional criminal activity by defendant. The trial judge also noted several prior violations of probation and in one case defendant even absconded from supervision. At the time the present offense occurred, the defendant was on probation from a prior conviction. Considering all of the above, we cannot say that the sentence imposed by the trial court is an abuse of the much discretion afforded to him, and accordingly, the sentence imposed is affirmed.
AFFIRMED.
NOTES
[1] The grand jury indictment for second degree murder identified defendant as Charles Perry. The bill of information for the habitual offender charge identified the defendant as Charles Perry, Jr. In testifying, defendant identified himself as Charles Perry, Jr. Apparently, defendant is referred to both as Charles Perry and Charles Perry, Jr.
[2] The trial judge gave the following reasons for imposition of the sentence:

All right, pursuant to your beinguhadjudged an habitual offender, Mr. Perry, because of your previous record, which consists, as a juvenile, you were arrested on September the 12th, 1971, by Baton Rouge City Police Department, charged with aggravated battery. The charges were dismissed at the request of the victim therein. You were rearrested on April the 4th of 1973, and charged with burglary and theft. You were placed on probation. And, you were, again, arrested on August the 22nd, 1974, and charged with felony theft. You were counseled and warned pursuant to thatuharrest as a juvenile. As an adult you were charged with two counts of simple burglary and you spent one year in parish prison and placed on three years of probation on December the 9th, 1977. Uh you wereyou had absconded from supervision. And, on January the 10th of 1980, a warrant was issued for your arrest. You were arrested in San Francisco, California, for felony robbery on November the 14th of 1980, and returned to Baton Rouge. There were other charges, at this time, pendinguh DWI, West Baton Rouge Parish and some otheruhminor misdemeanors. And, you were terminated from your probation as unsatisfactory. You were rearrested for simply burglary on October the 24th of 1981, and placed on three years of probation by the Sixteenth Judicial District Court in St. Mary Parish. You were released from jail on January the 24th of 1982, and you failed to report to probation and parole. And, you absconded again from supervision on your probation. You wereuha preliminary hearing was held on OctoberuhSeptember the 1st of 1982, pursuant to your probation violations. And, on you (sic) own admissions probable cause was established that you violated your conditions under that probation. And, then, you were arrested and convicted for the sentence herein oruhthe penalty herein, crime herein. And, convicted by a jury after being tried for second degree murder for manslaughter. Theuhjury's decision with regard to this particular matter was, in this court's opinion, appropriateuhsince you diduhkill, take the life of another human without being justified to do so. And, pursuant to Article 894.1, the fact that you were on probation when this offense occurred, there is a strong undue risk that additional criminal activity would take place if you were placed on probation, which is not even appropriate under the law. That you are in need of correctional treatment in a custodial environment that can be provided most effectively by your commitment to an institution. And, obviously, a lesser sentence would depricate the seriousness of yourthe defendant's crime herein, since another life was takena human life was taken. The other mitigating factors listed in the guidelines pursuant to Article 894.1 has been considered by this court but in light of your previous record and the seriousness of this particular crime, Mr. Perry, I do not feel that they are appropriate and should not be entered in the court's decision insofar as the sentence is concerned.
[3] See State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983) and concurring opinion therein.