CRAIN, Judge.
The sole issue on this appeal is whether the defendant’s sentence was excessive.
Anthony Bowman, defendant, was indicted by a grand jury and charged with aggravated rape in violation of La.R.S. 14:42. At the request of the rape victim, who wished to avoid the ordeal of a trial, defendant was allowed to plead guilty to the amended charge of forcible rape, a violation of La. R.S. 14:42.1. The trial court sentenced defendant on the amended charge to 20 years imprisonment in the custody of the Louisiana Department of Corrections without benefit of probation, parole, or suspension of sentence.
In bringing this appeal, defendant urges as his only assignment of error that the sentence imposed is excessive, in violation of La. Const. art. 1, § 20 (1974).
Factual background of the instant offense as revealed by the Boykin examination and presentence investigation report reveals that during the early morning hours of March 23,1982,[1] defendant, armed with a knife, entered the victim’s home through an unlocked window. The victim was discovered asleep on the couch by her assailant who escorted her to a bedroom where a pillowcase was placed over her head. After engaging the victim in conversation for some fifteen minutes, defendant raped the victim. An additional conversation followed the initial rape during which the assailant threatened to kill the victim if she did or said anything to anger him. After raping the victim a second time, defendant left through an unlocked window.
The incident was reported immediately to police, and contemporaneous scientific testing revealed the presence of seminal fluids on the victim’s night clothes and sheets at the rape scene. The instant offense was unsolved for almost a year when the victim began receiving telephone calls from her assailant apologizing for the rape. A photograph, with the face obliterated, was left by defendant at a specified location. The physical body depicted matched that of defendant, and the background of the photograph revealed an apartment complex where defendant was residing at the time *1040 of his arrest. Defendant was finally identified and the instant charge brought when telephone calls to the victim were traced to his residence.
The statutorily prescribed penalty range for forcible rape, in effect at the time of the instant offense, was imprisonment at hard labor for not less than two years nor more than forty years with at least two years without benefit of probation, parole, or suspension of sentence. La.R.S. 14:42.-1.[2] The penalty actually imposed by the trial court was about one-half of the maximum assessable penalty.
The trial judge has wide discretion in imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). Given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
Generally a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Thomas, 432 So.2d 325 (La.App. 1st Cir.1983). A sentence is considered grossly disproportionate if one’s sense of justice is shocked when comparing the punishment imposed to the crime committed, in light of the harm done to society. Thomas, 432 So.2d at 327.
A review of the record in this case reveals that the trial judge carefully particularized the sentence, considering mitigating and aggravating factors as set forth in La.C.Cr.P. art. 894.1 as they apply to defendant. The judge ordered a presentence investigation report, noted that defendant was 22 years of age, had pled guilty to a lesser included offense, and had a previous criminal background. As reasons for the sentence, the trial judge pointed out that in addition to various juvenile offenses, defendant had a prior conviction for simple burglary, which charge had been reduced from aggravated burglary and simple burglary of an inhabited dwelling. Defendant was still on probation for that conviction when the instant sentence was imposed.
The trial judge further noted that the victim in no way induced or facilitated the commission of the offense and that the victim had sustained physical and mental anguish because of defendant’s actions. The judge considered that defendant’s conduct was such that the same or similar circumstances of violence were likely to recur. In this context the trial judge also considered the proportionate severity of the instant sentence to those imposed against other defendants convicted of forcible rape. In summation, the record shows that the trial judge’s articulation of reasons for sentence are more than adequate to meet the statutory criteria.
The sentence imposed is well within the statutorily defined range, and neither appears grossly disproportionate to the severity of the crime nor appears to be imposed merely for the purposeless and needless imposition of pain and suffering.
Therefore, this assignment of error is without merit. For the foregoing reasons, the sentence imposed by the trial court is affirmed.
AFFIRMED.

. During the Boykin examination, the prosecutor erred by referring to the date of the indictment (September 21, 1983) as the date of the offense.

. This statute was amended by Acts 1984, No. 569 Sec. 1 to require a minimum period of imprisonment of five years rather than two years.