SAVOIE, Judge.
Defendant, Booker T. Bradford, was charged by bill of information with armed robbery, La.R.S. 14:64, and attempted second degree murder, La.R.S. 14:27 and 30.1, in connection with an incident that occurred in December of 1983 at a restaurant in East Baton Rouge Parish, Louisiana. Defendant pled not guilty. In a jury trial held August 21-22, 1984, defendant was convicted of armed robbery and aggravated battery, a violation of La.R.S. 14:34. Defendant was sentenced to 30 years at hard labor without benefit of parole, probation or suspension of sentence for the armed robbery conviction. Also, he was sentenced to a concurrent term of 10 years at hard labor for the aggravated battery conviction. In addition, because a firearm was used in the crime, he was sentenced to two years without benefit of parole, probation, suspension of sentence or credit for good time pursuant to La.R.S. 14:95.2. We affirm.
At approximately 10:00 P.M. on December 20, 1983, Lawrence Mornhinveg and Stephanie Drain had eaten dinner at Mike Anderson’s restaurant and were walking toward Mornhinveg’s truck in the rear parking lot. Ms. Drain noticed the interior light was on in the truck. The light went off and they observed defendant walking toward them with Mornhinveg’s orange knapsack over his shoulder. Mornhinveg continued walking toward defendant but Ms. Drain stopped. Mornhinveg asked defendant to give him his knapsack and defendant complied. He then took defendant by the arm and said, “Let’s go up to the front.” After walking together for approximately 20 feet, defendant jerked away and pulled a .22 caliber pistol out from behind his back. Defendant placed the pistol to Mornhinveg’s heart and, with a great deal of abusive language demanded his wallet. Mornhinveg turned over the wallet, whereupon defendant backed off some 12-15 feet and fired a shot at Mornhinveg’s feet. Defendant ran approximately another 15 feet while Mornhinveg turned and attempted to escape to the back of the restaurant. At this point, defendant fired and struck him *1047 in the back. Fortunately, Mr. Mornhin-veg’s heavy winter coat absorbed the bulk of the bullet’s force and he received only a laceration and a large bruise. When defendant reached the outer edge of the parking lot, he fired a third shot at Mornhinveg, but missed. Ms. Drain witnessed the entire sequence of events.
Officers from the Sheriffs Department arrived at the scene within 10 minutes and obtained a description of defendant. During the investigation, Detective Ed Cronin observed fresh footprints leading away from the scene of the crime through the mud and sand of an adjacent construction site. The imprint was from a tennis shoe with a distinctive diamond-shaped tread. The tracks led to the back door of a residence some 50-75 yards from the scene. Defendant, defendant’s mother, and the owner of the residence were found inside. Defendant voluntarily accompanied the officers back to the scene where the victim made a positive identification. The identification occurred within 45 minutes of the crime.
Defendant was returned to the residence where the owner voluntarily consented to a search of the home. From a bedroom used by defendant, the officers recovered a .22 caliber revolver with 5 spent cartridges in the cylinder, the victim’s wallet, and defendant’s tennis shoes. Defendant was then arrested.
The officers testified that defendant was advised of his Miranda rights as soon as he was discovered in the residence. Prior to his being taken back to the scene, he was again advised of his rights. Shortly after the recovery of the victim’s wallet, defendant made a spontaneous statement to the officers in which he confessed that he had committed the robbery but had used a “stick” instead of a pistol. This statement was made in the living room of the residence in the presence of defendant’s mother and the owner of the house.
ASSIGNMENTS OF ERROR
In this appeal, defendant alleges three assignments of error:
1. The trial court committed error when it allowed the introduction of hearsay testimony.
2. The trial court erred when it allowed the admission by the prosecution of statements allegedly made by defendant without a showing by the state of a knowing and intelligent waiver by defendant of his rights.
3. The trial court erred when it imposed an excessive sentence and failed to comply with La.C.Cr.P. art. 894.1.
Assignment of error number one was not briefed, and is therefore considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.
2.
In this assignment of error, defendant argues the state failed to show that defendant’s confession was freely and voluntarily made and therefore the trial judge erred in permitting the state to use the statement at trial.
As a condition precedent to the use of a confession at trial, La.R.S. 15:451 provides:
Before what purports to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.
Defendant’s counsel contends defendant is of limited education and intelligence and had been drinking gin that night. Consequently, defendant did not have the capacity to make a knowing and intelligent waiver of his constitutional rights. Furthermore, defendant was “upset” because he had been identified by the victim and therefore was under the influence of duress, fear and intimidation contrary to the provisions of La.R.S. 15:451.
At trial, outside the presence of the jury, a predicate was laid by the state for introduction of the confession into evidence. Two officers testified that they advised defendant of his rights. Detective Cronin stated that he gave defendant his rights in the presence of defendant’s mother and the *1048 owner of the house and defendant appeared to understand them. Lt. McAllister stated that, as he was advising defendant of his rights, he asked defendant after each sentence if he understood his rights and defendant advised he did. He further stated there was no indication that defendant was physically or mentally impaired in any way. Both officers stated that defendant was not threatened, coerced, or in any way forced to make the statement.
The trial judge ruled the statement was admissible, noting that there were witnesses at the home when the statement was made who could have shed light on the matter but were not called by defendant. He found the statements to be made freely and voluntarily after defendant was adequately apprised of his rights.
Furthermore, Detective Cronin testified the statement was entirely spontaneous and voluntary and we find nothing in the record to the contrary.
Under these circumstances it is unnecessary to address defendant’s arguments that he did not have the ability to knowingly and intelligently waive his constitutional rights because such spontaneous statements are admissible in evidence even without Miranda warnings. State v. Robinson, 384 So.2d 332 (La.1980).
However, for purposes of this opinion, we shall address defendant’s arguments.
The Louisiana Supreme Court has held that a condition of diminished mental or intellectual capacity does not of itself vitiate the ability to knowingly and intelligently waive constitutional rights and make a free and voluntary confession. State v. Benoit, 440 So.2d 129 (La.1983). The critical factor is whether defendant was able to understand the rights explained to him and voluntarily gave a statement. State v. Lindsey, 404 So.2d 466 (La.1981), cert. denied, — U.S. -, 104 S.Ct. 261, 78 L.Ed.2d 246 (1983), rehearing denied, — U.S. -, 104 S.Ct. 515, 78 L.Ed.2d 702 (1983).
The record substantiates the determination of the trial judge that the defendant's statement was voluntarily and intelligently made after defendant was informed of his constitutional rights on at least two, and possibly as many as three, occasions during the short interval of time between discovery of defendant at the residence and the discovery of the incriminating evidence in defendant’s bedroom. At all times he stated that he understood those rights, and he never appeared to be unable to do so. Further, defendant was intelligent enough and had the presence of mind to invent the story that he committed the crime with a stick rather than a gun.
Defendant contends that he was precluded from making a free and voluntary statement because he was “upset.” We reject this contention as we find it unsupported by the record.
This assignment of error is without merit.
3.
In this assignment of error, defendant argues the trial court imposed an excessive sentence and failed to comply with La.C. Cr.P. art. 894.1.
A majority of the Louisiana Supreme Court has held that Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment and that, although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981).
A review of the sentences imposed reveals that the two year sentence imposed under La.R.S. 14:95.2 for the use of a firearm is mandatory and therefore cannot be considered excessive. An individual convicted of aggravated battery can be sentenced to ten years in prison and fined *1049 $5,000.00. La.R.S. 14:34. Although defendant was sentenced to the maximum of ten years, no fine was imposed and the trial judge decided to allow this sentence to be served concurrently with the 30 year sentence imposed for armed robbery. Defendant’s maximum exposure under the armed robbery statute was 99 years. The sentence imposed is less than one-third the maximum.
In imposing sentence, the trial judge noted that defendant had several prior misdemeanor convictions including interfering with a police officer and simple criminal damage to property. In addition, defendant had been arrested for aggravated battery in connection with an altercation in which he stabbed a man. Defendant was formally billed with simple battery in that case and was convicted and sentenced to six months in the parish jail. The trial judge also noted that defendant shot Mr. Mornhinveg in the back without any provocation and the victim was very fortunate not to have been killed.
In consideration of the above, we find no abuse of the great discretion afforded the trial judge in the imposition of sentences.
Defendant contends the trial judge failed to comply with La.C.Cr.P. art. 894.1.
A trial judge need not recite the entire checklist found in article 894.1; however, the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). When a trial judge recites some of the 894.1 factors such as defendant’s prior criminal record or the risk that defendant would commit other crimes, a factual basis for the sentence is present and it is not necessary for him to enumerate each factor under the article. State v. Burns, 441 So.2d 1294 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1242 (La.1984).
At the sentencing hearing, the trial judge stated defendant was in need of correctional treatment within a custodial environment and that a lesser sentence would deprecate the seriousness of the offense. He also stated that defendant shot the victim in the back without any provocation. Furthermore, the trial judge observed that after defendant completed the six month sentences for simple battery, he resumed a life of criminal activity.
The trial judge more than adequately satisfied the statutory criteria set forth in La.C.Cr.P. art. 894.1.
This assignment of error is without merit.
AFFIRMED.