479 So.2d 639 (1985)
STATE of Louisiana
v.
Bobby JENNINGS.
No. KA 85 0579.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
*640 Bryan Bush, Dist. Atty., Baton Rouge by Michael Erwin, Asst. Dist. Atty., for plaintiff-appellee.
Tim Screen, Public Defenders' Office, Baton Rouge, for defendant-appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
Defendant, Bobby Jennings, was charged by bill of information with simple burglary of a structure belonging to a meat company in violation of LSA-R.S. 14:62. Defendant pled not guilty, waived trial by jury, and was tried by the judge alone. He was convicted as charged and sentenced to an eight year term of imprisonment at hard labor.
The single assignment of error urged on appeal complains that the sentence imposed is excessive and that the trial court erred by failing to comply with the sentencing guidelines of Louisiana Code of Criminal Procedure article 894.1.
Article 894.1 sets forth the factors which must be considered by the trial judge before imposing a sentence. The trial judge need not recite the entire checklist of article 894.1, but the record must reflect that he adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La. 1984).
A review of the record in this case reveals that the trial judge ordered a presentence investigation report. The trial judge noted that although this was defendant's first felony conviction, he has a criminal background and has been previously afforded the benefit of probation.[1] While awaiting sentencing on the instant offense, defendant was arrested for another simple burglary. In view of these circumstances, the trial judge opined the defendant presented a danger to society as there existed an undue risk that he would commit another crime.
When a trial judge recites some of the 894.1 factors, such as defendant's lengthy criminal record or the risk that defendant would commit other crimes, a factual basis for the sentence is present, and it is not necessary for the trial judge to enumerate each factor under that article. State v. Burns, 441 So.2d 1294 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1242 (La.1984). A review of individual excessiveness is considered in light of the criteria expressed by article 894.1, the circumstances *641 of the crime and the trial judge's stated reasons and factual basis for his sentencing decision. State v. Cox, 369 So.2d 118 (La.1979).
Given the trial judge's wide discretion to impose a sentence within statutory limits, we find that the sentence imposed is not excessive. The record reflects that the trial judge fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant for the particular crime involved.
We find no manifest abuse of discretion, therefore, this assignment of error is without merit.
AFFIRMED.
NOTES
[1] The presentence investigation reveals that defendant was on supervised probation for one year for the charge of possession of marijuana. During that term, he was reprimanded for failure to comply with special conditions imposed. Defendant was later placed on supervised probation for an indefinite period of time after having been charged with forcible rape.