CARTER, Judge.
Defendant, Mitchell Williams, was charged by bill of information with simple burglary, in violation of LSA-R.S. 14:62. After initially entering a plea of not guilty, he later withdrew that plea and entered a plea of guilty. Defendant was subsequently sentenced to nine years at hard labor. Defendant appeals alleging that the trial court imposed an excessive sentence and failed to comply with the requirements of LSA-C.Cr.P. art. 894.1.
FACTS
In the early morning hours of January 23, 1984, Sergeant David E. Blackwell of the East Baton Rouge Parish Sheriff’s Office was dispatched to investigate a burglary at a warehouse. At the scene, Sergeant Blackwell talked to the owner of the warehouse and was informed that some tables and a new lawnmower had been taken from the building. The owner discovered the theft after he was contacted by the local fire department relative to a fire at the warehouse. The stolen property was recovered from defendant’s van which was parked approximately 100 yards from the warehouse. Defendant gave a taped statement in which he confessed to the theft, but did not state that he had started the fire.
EXCESSIVE SENTENCE
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering; to determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980); State v. Freeze, 438 So.2d 1340 (La.App. 3rd Cir.1983), writ denied, 466 So.2d 465 (La.1985).
Defendant contends the trial judge imposed an excessive sentence in that his sentence “is grossly out of proportion to the severity of the offense and is nothing more than the needless and purposeless imposition of pain and suffering.”
The sentence imposed herein is clearly within the statutory limits. The trial court noted that as a juvenile, defend *632 ant had arrests for criminal mischief, possession of marijuana (twice), possession of cocaine with intent to distribute, and disturbing the peace. The instant offense was committed while defendant was out on bond following his arrest for negligent homicide. He was convicted of that offense prior to his guilty plea in the case sub judice. Further, the trial court noted that while out on bond for both of these charges, defendant was arrested for driving under suspension, having an expired license plate, and failure to register his vehicle. The extensive criminal record of the defendant, together with the circumstances of the instant case, certainly provide a justifiable basis for the trial court’s conclusion that any lesser sentence would deprecate the seriousness of the offense. We also note that the sentence imposed in the instant case was ordered to be served concurrently with the sentence defendant received in the negligent homicide ease.
Considering the above, we find no abuse of discretion, and this assignment of error is without merit.
COMPLIANCE WITH LSA-C.Cr.P. art. 894.1
LSA-C.Cr.P. art. 894.1 requires the trial judge to state for the record the considerations taken into account by him and the factual basis therefor when imposing sentence.
Defendant contends that the trial judge failed to consider any mitigating factors, particularly defendant’s participation in a program at the Forest Glen Vocational Rehabilitation Complex. We disagree.
The record reveals that the trial judge considered defendant’s activities at Forest Glen and that defendant entered Forest Glen because it was a condition of his bond. He further noted that defendant’s performance there indicated that he lacked motivation, engaged in horseplay, seemed bored, and was somewhat of a personality and attitude problem. The trial judge clearly indicated that defendant was in need of correctional treatment which could only be effectively provided by the Department of Corrections and that there was an undue risk that defendant would commit another crime during any period of probation. He felt that defendant had a chemical dependency problem and that extensive damage was done to the warehouse by a fire which was apparently ignited during the burglary.
The trial court need not recite the entire checklist found in LSA-C.Cr.P. art. 894.1. However, the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). When a trial judge recites some of the factors in LSA-C.Cr.P. art. 894.1 such as defendant’s lengthy criminal record or the risk that defendant would commit other crimes, a factual basis for the sentence is present, and it is not necessary for the trial judge to enumerate each factor under the article. State v. Burns, 441 So.2d 1294 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1242 (La.1984).
A thorough review of the sentencing transcript reveals that the trial judge adequately considered the factors enunciated in LSA-C.Cr.P. art. 894.1.
This assignment of error is without merit.
CONCLUSION
For the above and foregoing reasons, we find no merit in defendant’s contentions, and the conviction and sentence of the trial judge are affirmed.
CONVICTION AND SENTENCE AFFIRMED.