ALFORD, Judge.
Mitchell Williams was charged by indictment with one count of negligent homicide in violation of R.S. 14:32. He pled not guilty and requested a jury trial. The defendant was found guilty as charged and sentenced to five years at hard labor. The defendant has appealed alleging five assignments of error, as follows:
1. The trial court erred when it overruled defense counsel’s objection to the state’s asking vague questions.
2. The trial court erred when it denied defense counsel’s motion for a mistrial.
3. The trial court erred when it overruled defense counsel’s objection to the state’s misquoting a witness.
4. The trial court erred when it overruled defense counsel’s objection to the state’s improper questioning of a witness.
5. The trial court erred in failing to comply with the requirements of La.C.Cr.P. art. 894.1 and in imposing an excessive sentence.
Assignments of error numbers 1, 3 and 4 were not briefed on appeal and are therefore considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
The crime for which the defendant was charged arose out of an automobile accident that occurred on La. Hwy. 19, just north of Zachary, Louisiana. On September 18, 1983, Ms. Annette Paxton, a nurse at Our Lady of the Lake Hospital, was traveling in the southbound lane on La. Hwy. 19. It was approximately 6:00 a.m., *634 and Ms. Paxton was on her way to work. The defendant was proceeding north on La. Hwy. 19 when his pickup truck collided head-on with Ms. Paxton’s vehicle. Both drivers were rushed to Lane Memorial Hospital in Zachary. Ms. Paxton was pronounced dead on arrival. Results of a blood alcohol test revealed that the defendant had a blood alcohol level of 0.04 grams-percent.
At the trial, Ray Herd, a state expert in accident reconstruction, testified that the defendant was driving between 70 and 80 miles per hour at the time of the accident. Herd estimated that Ms. Paxton’s vehicle was proceeding at approximately 55 miles per hour. Herd also testified that the defendant’s pickup truck crossed the center line and was four feet inside the southbound lane (Ms. Paxton’s lane of travel) when the collision occurred. Another state witness, Clifford Cobb, testified that he observed the defendant’s pickup truck speeding and proceeding recklessly through the intersection of La. Hwys. 19 and 64 just moments before the accident. Cobb, the first person to arrive at the scene of the accident, stated that he observed some beer cans inside the defendant’s truck. Glenn Spillman, a Zachary police officer, testified that there were beer cans on the floor of defendant’s pickup truck and that the defendant had the odor of alcohol on his breath. Officer Spillman also stated that both of the front tires on the defendant’s pickup truck were “slick” or “bald”.
ASSIGNMENT OF ERROR NO. 2 (ASSIGNMENT OF ERROR NO. 1 IN DEFENDANT’S BRIEF):
2. The trial court erred when it denied defense counsel’s motion for a mistrial.
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a mistrial, after a witness for the state testified about evidence of “other crimes”. During the trial, the following exchange took place between the prosecutor and Mr. Cobb:
Q. Did you notice anything inside of that truck, Mr. Cobb?
A. He had some beer cans and things.
According to the defendant, Cobb’s reference to the presence of beer cans inside the pickup truck constituted evidence of “other crimes” (more specifically, driving while intoxicated, a violation of LSA-R.S. 14:98). Immediately after Mr. Cobb’s response, defense counsel objected and moved for a mistrial. Defense counsel contends that this evidence was highly prejudicial, that it did not prove knowledge, system, or intent, and that it was inadmissible under the notice requirement of State v. Prieur, 277 So.2d 126 (La.1973). Therefore, the defendant argues that he was entitled to a mistrial pursuant to La.C.Cr.P. arts. 770, 771.
Testimony relating to the presence of beer cans in the defendant’s truck is admissible because it relates to res gestae evidence. LSA-R.S. 15:448 provides:
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
In Louisiana, the res gestae is broad and includes not only spontaneous utterances and declarations made before or after the commission of a crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime, provided the requirements for the introduction of such evidence have been met. LSA-R.S. 15:447, State v. Sharp, 414 So.2d 752, 754 (La.1982). In State v. Craddock, 435 So.2d 1110, 1117 (La.App. 1st Cir.1983), this Court stated:
[T]he general prohibition against the use of other crimes evidence does not bar admission of criminal acts which are an inseparable part of the whole deed. 1 Wigmore, Evidence § 218 (3d ed. 1940). In Louisiana, such acts are denominated as part of the res gestae and admitted under the authority of La.R.S. 15:447-48.
The Louisiana Supreme Court has approved the admission of other crimes evi *635 dence when it is related or intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. State v. Haarala, 398 So.2d 1093, 1097 (La.1981); State v. Boyd, 359 So.2d 931, 942 (La.1978).
The testimony relating to the presence of beer cans in the defendant’s truck was admissible as part of the res gestae. Therefore, Prieur notice was not required. Haarala, supra; Craddock, supra.
ASSIGNMENT OF ERROR NO. 5 (ASSIGNMENT OF ERROR NO. 2 IN DEFENDANT’S BRIEF):
Defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with La.C.Cr.P. art. 894.1. The trial court has wide discretion in the imposition of sentences, and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). Article 894.1 provides guidelines which must be considered by the trial judge before imposing sentence. The trial judge need not recite the entire checklist of art. 894.1, but the record must reflect that he adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984).
The trial court imposed the maximum sentence of five years at hard labor for this offense.
A review of the record of sentencing reveals a particularized basis for imposing the maximum sentence. Prior to sentencing, the trial court ordered a presentence investigation. The trial court considered the defendant’s criminal record (juvenile and adult) and the defendant’s performance at the Forest Glen Vocational Rehabilitation Center before concluding that the defendant was in need of correctional treatment. As a juvenile, defendant had been arrested for criminal mischief, possession of marijuana (twice), possession of cocaine with intent to distribute, and disturbing the peace. The conviction for negligent homicide was the defendant’s first felony offense. However, the trial court noted that, less than four months after the accident, while the defendant was out on bond, he committed a simple burglary to which he later pled guilty.[1] The trial court also noted that, while the defendant was out on bond for both the negligent homicide charge and the simple burglary charge, he was arrested for having an expired license plate, failure to register his vehicle, and driving under suspension. These considerations clearly support the trial court’s conclusion that there was an undue risk that the defendant would commit another crime if given a probationary sentence.
Referring to the defendant’s performance at the Forest Glen Facility, the trial court stated:
The letter which the defense counsel has filed into the record from the Forest Glen Facility indicates that he seemed to be bored in the industrial arts area. He’s capable, but does not listen. He horseplays some and pushes to the limit. He basically does not do what he — he does what he wants to do. Frequently leaves the class area without permission. He seems to feel he has accomplished everything in the area and doesn’t need to do anything else. And it goes on to say that on the other the unit: he has calmed down and is quiet and not loud and has done well in the aptitude tests that they have given him which indicates to the court that he has somewhat of a personality and attitude problem which seems to change at different times.
The record of sentencing reveals that the trial court adequately considered the guidelines in C.Cr.P. art. 894.1. The trial judge considered both aggravating and mitigating factors in particularizing this sentence to the defendant. Furthermore, this sentence is not unconstitutionally excessive. It is not a needless and purposeless imposition of pain and suffering, nor is it grossly out of proportion to the *636 severity of the offense. See State v. Telsee, 425 So.2d 1251 (La.1983). Therefore, this assignment of error is also without merit.
For the above and foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

. It should be noted that the defendant also received a sentence of nine years at hard labor for pleading guilty to a charge of simple burglary. See State v. Williams, 479 So.2d 630 (La.App.1985). The sentences were imposed at the same time and were to run concurrently.