COLE, Judge.
Defendant, Charles Dalcourt,[1] was charged by bill of information with simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2. Defendant withdrew his original plea of not guilty, pled guilty as charged, and was subsequently sentenced to serve seven years at hard labor, one year of which to be without benefit of probation, parole, or suspension of sentence.[2]
*739 In bringing this appeal, defendant urges as his only assignment of error the sentence imposed was excessive.
The factual background is revealed by the testimony of Baton Rouge Police Officer Daniel Cosse given at defendant’s preliminary examination. At about 7:30 p.m. on July 12, 1983, Officers Cosse and Baughman went to assist another police unit, which had responded to a call to investigate a suspicious person in the 5600 block of Riverstone Drive in Baton Rouge. When Officers Cosse and Baughman reached Riverstone Drive, they parked in front of a row of town houses, walked around behind the town houses and noticed a car parked in the last parking space. The car was backed up to the fence where the gate was open. The officers walked toward the residence. As Officer Cosse reached the gate, he noticed defendant exiting the rear door of the residence. Defendant was carrying one or two items. Defendant ducked back into the residence but was apprehended by Officer Baughman as he attempted to flee through the front door of the residence. Entry to the residence was determined to have been made from the rear door, which showed marks indicating it had been kicked in. A stereo component and two television sets, which were identified by the occupant of the residence, were recovered from the car in the parking lot.
ASSIGNMENT OF ERROR
The defendant claims the sentence imposed is excessive because the trial court did not give adequate consideration to the sentencing guidelines of La.Code Crim.P. art. 894.1. The State submits the trial court did articulate the considerations and factual basis for the sentence imposed and therefore the sentence is not excessive.
Although it has been established a sentence may be within statutory limits and still be excessive, our Supreme Court has always respected the trial court’s wide discretion in the imposition of sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). This court, in State v. Shields, 444 So.2d 287, 293 (La.App. 1st Cir.1983), writ denied, 446 So.2d 312 (La.1984), stated,
“The trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion.”
Defendant was sentenced to seven years at hard labor for his crime of simple burglary of an inhabited dwelling and to two years at hard labor for his crime of felony theft, such sentences to run concurrently. The defendant was exposed to a maximum sentence of twelve years under La.R.S. 14:62.-2. In addition to the factors of defendant’s three previous felony arrests and previous simple burglary conviction, the trial court considered the unsatisfactory termination of the defendant’s previous probation. The court believed it likely during the period of a probationary sentence, the defendant would commit another crime. The court noted the defendant’s record indicates his need for correctional treatment. The court gave consideration to the defendant’s age and the penitent posture of his admission of guilt in determining sentence. This court, in State v. Perry, 457 So.2d 1261, 1262 (La.App. 1st Cir.1984), stated,
“... when a trial judge recites some of the 894.1 factors such as defendant’s lengthy criminal record or the risk that defendant would commit other crimes, a factual basis for the sentence is present and it is not necessary for the trial judge to enumerate each factor under the article. State v. Burns, 441 So.2d 1294 (La. App. 1st Cir.1983), writ denied, 444 So.2d 1242 (La.1984).”
The trial court in this instance considered the relevant mitigating factors in determining sentence and articulated a factual basis for the sentence imposed. There has been no abuse of discretion in this case. This assignment of error lacks merit. The conviction and sentence are affirmed.
AFFIRMED.

. When asked his name at sentencing, defendant said he was Charles Edward Davis (instead of Charles Dalcourt).

. At the time of defendant's sentencing, he pled guilty to a separate and subsequent felony theft charge (bill of information No. 1-84-1028). On the felony theft charge, defendant received a sentence of two years at hard labor, which was made to run concurrently with the sentence for the instant offense.