WATKINS, Judge.
This is a criminal appeal. Defendant, J.B. Boyd, was indicted for the crime of aggravated rape, in violation of LSA-R.S. 14:42, and subsequently pled not guilty. As the result of a plea bargain, the indictment was amended to charge forcible rape, in violation of LSA-R.S. 14:42.1, to which defendant pled guilty. He was sentenced to imprisonment at hard labor for thirty years, the first three years to be served without benefit of probation, parole, or sus *210 pension of sentence. Defendant appeals, alleging as his sole assignment of error that the sentence is excessive.
FACTS[1]
Defendant was seventeen years old at the time of the offense. He was at home with his half-sister’s three year old son while she attended a bingo game. The next morning, defendant’s half-sister noticed bleeding from the child’s anus. Medical attention was sought, and the child was treated for trauma to the rectum. The trauma was diagnosed as recent, within twelve to twenty-four hours. The child told the examining physician that defendant “made me lay across the bed and he took my pants down and made my bootie bleed.”
Defendant was arrested and advised of his Miranda rights. He admitted the crime charged. At his Boykin hearing, he again admitted having had intercourse with the child. However, in his statement set forth in the pre-sentence investigation report, he denied his guilt.
EXCESSIVE SENTENCE
Defendant contends that the trial judge failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1 and imposed an excessive sentence. He specifically argues that the sentence imposed is disproportionate to sentences in other forcible rape cases.
The trial judge has wide, but not unbridled, discretion in the imposition of sentence within statutory limits. State v. Sepulvado, 367 So.2d 762, 767, 770 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if one’s sense of justice is shocked when comparing the punishment imposed with the crime committed, in light of the harm done to society. State v. Bowman, 464 So.2d 1038, 1040 (La.App. 1st Cir.1985). Given compliance with the sentencing criteria of LSA-C.Cr.P. art. 894.1, the sentence imposed will not be set aside in the absence of manifest abuse of discretion. Id.
The trial judge is required to state for the record the considerations he took into account and the factual basis therefor when imposing sentence. LSA-C.Cr.P. art. 894.1(C). However, he need not set forth all the factors listed in the statute to which he accorded some weight. State v. Perry, 457 So.2d 1261, 1262 (La.App. 1st Cir.1984). Moreover, when a trial judge recites some of the article 894.1 factors, a factual basis for the sentence is present; and it is not necessary for the trial judge to enumerate each factor under the article. Id.
While not controlling, it is relevant that the state agreed to reduce the charge from aggravated rape to forcible rape. Aggravated rape carries a mandatory penalty of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:42(C). When a defendant plea-bargains, the court may consider the fact that the sentence imposed is vastly less severe than the sentence faced under the original charge. See, State v. Smack, 425 So.2d 737, 740 (La.1983).
In sentencing defendant, the trial judge noted that defendant left the victim in pain, and that the child did not receive help until hours after the rape. The judge further noted that, although defendant had no prior criminal record, he did admit to the use of alcohol and illicit drugs and to an earlier incident of homosexual sex with an adult. The judge noted that defendant had failed to show any remorse for the crime and stated that any lesser sentence would deprecate the seriousness of the offense.
Forcible rape carries a possible sentence of forty years imprisonment at hard labor, *211 at least two of which must be imposed without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:42.1(B). Defendant was sentenced to thirty years imprisonment at hard labor, with only the first three years to be served without benefit of probation, parole, or suspension of sentence. Defendant’s crime was particularly reprehensible because it was committed upon his nephew, a child of tender years. Compare State v. Childs, 466 So.2d 1363 (La.App. 3d Cir.1985), and cases cited therein. Defendant left the child in pain and failed to show remorse for his actions. We consider this offense to be one of the worst cases of forcible rape, justifying a sentence in the higher range of permissible sentences. We also note that only three years of the sentence were without benefit of probation, parole, or suspension of sentence.
We find that the trial judge adequately complied with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. Furthermore, considering the circumstances of the offense, the trial judge’s comments as to the character of defendant, and the penalty exposure on the original charge of aggravated rape, we do not find the sentence imposed to be excessive.
AFFIRMED.

. The circumstances surrounding the offense are revealed by the affidavit of probable cause for arrest, the offense report, comments at the Boykin hearing, and the pre-sentence investigation report.