LeBLANC, Judge.
Defendant, Melvin Ross, was indicted for the second degree murder of Sims Prestly, in violation of La.R.S. 14:30.1. Thereafter, he elected to enter a plea of guilty to the lesser offense of manslaughter, in violation of La.R.S. 14:31; and the State agreed that it would not file a habitual offender petition. The trial court imposed the maximum sentence of twenty-one years at hard labor. Defendant appealed, alleging as his only assignment of error that the trial court erred in imposing an excessive sentence and by failing to comply with the sentencing criteria of La.Code Crim.P. art. 894.1.
Defendant was charged in connection with a stabbing incident that occurred during a dice game. According to the presen-tence investigation report, defendant and the victim, who had known each other for several years, had a fifty cent bet on the outcome of a throw of the dice. One of the dice rolled under a bed, and defendant crawled after it. When he came out from under the bed, the victim superficially cut his shirt and chest with a pocket knife. Defendant then ran across the street to his own home but returned five to ten minutes later with a butcher knife. He stabbed the victim seven times. The victim died a short *525 time later in the emergency room of a local hospital.
EXCESSIVE SENTENCE
Defendant claims the sentence is excessive because the trial court failed to consider applicable mitigating factors. He submits the court erred in imposing the maximum possible sentence because the crime was not the worst possible type of manslaughter. Additionally, he argues that the court failed to consider the fact that defendant was provoked and that the conduct of the victim facilitated the offense. Defendant further urges that the court erred in concentrating on his lengthy criminal record as grounds to justify the sentence.
Although defendant contends that this offense was not the most serious type of manslaughter, his argument, in essence, is that the court erred by imposing the maximum sentence because the homicide was committed in the heat of passion. However, since this factor constitutes the essential nature of a manslaughter defined in La.R.S. 14:31(1), it was necessarily accorded great weight by the Legislature in providing the possible sentence and by the State in its decision to offer and the court in its decision to accept a plea of guilty to the lesser offense. Moreover, although provocation may reduce a homicide to manslaughter if “the offense is committed in sudden passion ... immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection,” provocation shall not reduce a homicide to manslaughter if the jury finds the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed. La.R.S. 14:31(1); State v. Rayford, 476 So.2d 961 (La.App. 1st Cir.1985). In light of defendant’s actions in leaving the foray only to return armed and stab the victim numerous times after having received only a superficial injury, we cannot say that the trial court did not give proper weight to the circumstances of the offense in determining the sentence.
During the sentencing hearing, the court noted defendant’s extensive criminal history and his classification as a sixth felony offender. The court further noted that several charges for which defendant had been arrested were violent offenses, including armed robbery, aggravated burglary and aggravated rape.
When a trial judge recites some of the 894.1 factors, such as defendant’s lengthy criminal record or the fact that defendant would probably commit other crimes, a factual basis for the sentence is present, and it is not necessary for the trial judge to enumerate each factor under that article. State v. Jennings, 479 So.2d 639 (La.App. 1st Cir.1985).
Given the trial judge’s wide discretion to impose a sentence within statutory limits, we find the sentence imposed is not excessive. The record reflects that the trial judge fully considered the facts of the instant offense, as well as defendant’s criminal history and the risk to the public created by his conduct. We find no abuse of discretion.
AFFIRMED.