410 So.2d 1108 (1982)
STATE of Louisiana
v.
James K. VARNELL.
No. 81-K-2382.
Supreme Court of Louisiana.
March 1, 1982.
*1109 J. Stacey Freeman, M. Randal Fish, Bossier City, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Anne S. Goodman, Asst. Dist. Atty., for plaintiff-respondent.
DIXON, Chief Justice.
Defendant James Varnell was charged by bill of information with possession of marijuana, in violation of R.S. 40:967. After the trial judge overruled defendant's motion to suppress the marijuana seized from his vehicle, defendant pleaded guilty to the offense, reserving his right to seek review of the ruling in this court.
On April 29, 1981, Officers Robert Skaife and Delbert Green of the Shreveport Police Department were proceeding north on Hearne Avenue in Shreveport when Officer Skaife noticed a pickup truck in the inside lane headed in the same direction. Officer Skaife pointed out to Officer Green that defendant, who was driving the truck, was wearing a "peculiar hat" and smoke was coming out from under the brim of the hat. He asked Officer Green to pull up beside the truck so that he could get a closer look. He noticed that defendant was smoking a rather large hand-rolled cigarette. "It looked almost like it was a cigar, it was so big," was the only other description of the cigarette. Suspecting that the cigarette was made with marijuana, the officers attempted to stop defendant, but the flashing light on their vehicle would not work. The officers sought the assistance of two other officers that were in the vicinity. While defendant was waiting for the traffic light to change to green, Officers Skaife and Green pulled their vehicle behind him and the other officers pulled in front of him. Officer Skaife got out of the vehicle and approached defendant's truck. As he opened the door to the truck, he began to identify himself as a police officer. He placed his hand on defendant's arm, and as defendant attempted to get out, the truck began to roll forward. Defendant tried unsuccessfully to put his other foot on the brake, but the truck struck the police car that was parked in front. Officer Skaife approached defendant again and informed him that he was being stopped "for the suspected marijuana cigarette." Noticing the cigarette burning on the floorboard of the truck, the officer retrieved it. He also found two baggies of marijuana near the same spot. Defendant was arrested and charged with possession of marijuana.
In ruling on defendant's motion to suppress the marijuana, the trial judge was of the opinion that there was no way the officers could have known whether the cigarette was a roll of tobacco leaves or a roll of marijuana; and although he doubted whether there existed probable cause to arrest defendant, he concluded that the officers' conduct could be justified as an investigatory stop, from which they found the marijuana. In so doing, the trial judge attempted to distinguish the facts of this case from State v. Davis, 359 So.2d 986 (La.1978), which was relied on by defendant.
The trial judge found it significant that in the present case defendant was charged with possession of marijuana and the marijuana was actually seized, whereas in Davis the defendant was charged with possession with intent to distribute heroin although *1110 the officers stopped him for suspicion of smoking marijuana but never found the marijuana cigarette.[1] In expressing his uncertainty as to the proper ruling, the trial judge stated:
"... This if (sic) obviously a very close case in the light that the Supreme Court of our state, in the Davis case, has already held a similiar (sic) type situation as unconstitutional. In other words, violated the right against unreasonable search and seizures. But this Court is going to give the Supreme Court, if it chooses to do so, another chance to look at that question in the light of this case for the reason that the man still had the cigarette in his possession...."
Here, as in Davis, the trial court failed to focus its inquiry first on the legality of the initial stop or detention of defendant. In Davis, the legality of the initial stop of the defendant was first examined. Once we determined that the initial detention was unlawful, we concluded that all evidence seized subsequent to that detention was tainted and, therefore, inadmissible.
To lawfully stop a person for investigation, the officer conducting must, at least, have articulable knowledge of particular facts which, with reasonable inferences drawn therefrom, are sufficient to provide reasonable grounds to suspect the person of involvement in criminal activity. State v. Bickham, 404 So.2d 929 (La.1981); State v. Blanton, 400 So.2d 661 (La.1981); State v. Ault, 394 So.2d 1192 (La.1981); State v. Edsall, 385 So.2d 207 (La.1980).
At the hearing on the motion to suppress, Officer Skaife testified that his attention was first attracted to defendant because of the "peculiar hat" he was wearing, and that he noticed smoke coming out from under the brim of the hat. Upon noticing that defendant was smoking a "rather large hand-rolled cigarette," he immediately suspected that the cigarette was made with marijuana. It is on this suspicion the officers stopped defendant and seized the marijuana in question. The trial judge was apparently convinced, despite his ruling on the motion, that the officers had no way of knowing whether the cigarette was a roll of marijuana or tobacco. The officers did not testify that they possessed "articulable knowledge of particular facts" from which reasonable inferences could be drawn that defendant was actually smoking marijuana and not tobacco. Smoking a "rather large hand-rolled cigarette" is not, alone, a characteristic so restricted to marijuana smokers as to arouse reasonable suspicion of unlawful conduct. The stop and detention of defendant were unlawful, and the evidence seized as a result of that unlawful detention is inadmissible.
The state's argument that the marijuana should, nevertheless, be admissible because it was in plain view when it was seized is rejected. But for defendant's unlawful detention, the officers would never have observed the marijuana.
For these reasons, defendant's plea of guilty is set aside, the ruling of the district judge on the motion to suppress is reversed, the motion to suppress is granted, and the case is remanded for proceedings not inconsistent with this opinion.
WATSON and MARCUS, JJ., dissent.
NOTES
[1] In State v. Davis, 359 So.2d 986 (La.1978), the defendant rode past the front of a police car at a distance of about twelve to fifteen feet. The officers observed that the defendant was smoking a hand-rolled cigarette, holding it between his thumb and index finger, a style of smoking they had observed among some users of marijuana. As they drove around the block, they observed the defendant discarding the cigarette. The officers approached the defendant and demanded to know where the cigarette was. After questioning the defendant for about three minutes, a scuffle ensued between the defendant and the officers. The defendant was subdued and handcuffed. A search of his person revealed several marijuana cigarettes in his front pocket and an envelope containing heroin in his left rear pocket. He was placed under arrest for possession of heroin and marijuana, resisting arrest and assault. Defendant was subsequently tried and convicted of the heroin charge. We reversed that conviction because the officers' initial actions in stopping the defendant amounted to an unreasonable seizure, and, consequently, the evidence produced as a result of that seizure was tainted and inadmissible.