MARVIN, Judge.
Defendant pleaded guilty to possession of marijuana (a misdemeanor, LRS 40:966) and to possession of diazepam (a felony, LRS 40:969), after the trial court denied his motion to suppress and reserved to defendant his right to appeal that ruling. State v. Crosby, 338 So.2d 584 (La.1976).
We granted a writ of review in the misdemeanor conviction and consolidated that review with the appeal taken in the felony conviction.
Defendant was seen at a rock concert in the Monroe Civic Center holding and smoking a hand-rolled “suspected marijuana” cigarette by two undercover narcotics policemen who were assigned to the rock concert to detect narcotics traffic and use. The diazepam and another marijuana cigarette were found when defendant was searched after he was arrested for possession of the marijuana cigarette.
The issue is whether the officers had a reasonable suspicion to detain defendant under CCrP Art. 215.1 and reasonable/probable cause to arrest him under CCrP Art. 213 under the circumstances.
FACTS
Officers Kukal and Walker observed defendant for several minutes from four or five feet away. They were behind defendant who was facing the stage. The stage lights illuminated the several rows of seats immediately in front of the stage. Defendant was standing, with the burning cigarette in his hand behind his back. Walker saw the defendant smoking the cigarette. He conferred with his fellow officer, both of whom were experienced narcotics policemen. Officer Walker testified “we approached [defendant]. I came up on the back side of him and ... grabbed his ... right hand by the wrist. He dropped the cigarette, I reached down ... and picked it up, at which time I believe Officer Kukal ... advised him of his rights ... who we were, why he was being placed under arrest, escorted him ... to ... where a command post had been set up. He was advised of his Miranda rights, we searched him and found another suspected marijuana cigarette and suspected [diazepam] ...”
REASONABLE SUSPICION FOR THE INITIAL DETENTION
Citing State v. Davis, 359 So.2d 986 (La.1978), as controlling, defendant argues that police should not be able to search a citizen on “a mere whim and ... mere chance of obtaining evidence upon which to base an arrest.” Other cases factually similar are State v. Spears, 395 So.2d 762 (La.1981), and State v. Varnell, 410 So.2d 1108 (La.1982).
Davis was observed by police who were in a patrol car 12-15 feet away at 10:00 a.m. when he rode by them on a bicycle on a New Orleans street with a hand-rolled cigarette in his hand. When the police drove around the block and intercepted Davis he no longer had the hand-rolled cigarette. Davis became “irate” when the officers stopped and questioned him. He was arrested for assault when he threatened the officers. The motion to suppress there was directed to heroin that was found in his pocket when Davis was searched after his arrest. The critical issue was whether *1225 the police “had reasonable cause to suspect Davis of unlawful activity” to justify their stopping him. The court emphasized that Davis was on a bicycle, the officers were 12-15 feet away in the patrol car, and that it was demonstrated that the officers could not, at that distance, distinguish between tobacco and marijuana in a hand-rolled cigarette. The court said that Davis “could have cupped his hand to shield his cigarette from the wind.”
Varnell, driving his pickup on a Shreveport street, was observed by officers in a patrol car proceeding in the same direction. He was smoking a cigar-sized hand-rolled cigarette. The police stopped him and seized the burning cigarette on the floorboard of his truck, along with two baggies of marijuana they found there.
In Davis and in Varnell, the focus of the court’s inquiry was on the legality of the initial stop or detention. In each case the supreme court held the stop and detention “unlawful” and suppressed the evidence that was seized as a result of that detention.
Spears and his friend were sitting on the hood of an automobile parked on a New Orleans street during the nighttime and were sharing and smoking a hand-rolled cigarette. Two undercover policemen slowly drove by in an unmarked car with the car windows down. From four or five feet away, the officers observed Spears and his friend smoking the cigarette and smelled the aroma of marijuana. The officers stopped and approached the parked car. Spears and his friend saw them and “apparently recognized” them as policemen. Defendants then threw down the butt they were smoking, along with two unburned cigarettes and a coin envelope. Retrieval of the burning cigarette confirmed the officers’ suspicion that it was marijuana. The supreme court overruled the trial court’s sustaining of the motion to suppress directed at the marijuana, holding that it was “abandoned” property and was admissible. Davis was distinguished in a footnote.
These cases illustrate why no hard and fast rule can be stated. The reasonable belief necessary to detain and the reasonable/probable cause necessary to arrest without a warrant must be determined, by hindsight, on the totality of the circumstances in the individual case. State v. Flowers, 441 So.2d 1288 (La.App. 1st Cir. 1983); State v. Goodson, 444 So.2d 1337 (La.App. 2d Cir.1984). The issue is whether a reasonable narcotics officer under the same circumstances, possessed with the articulated knowledge and reasonable inferences that were available to Officer Walker, would have had reasonable grounds to believe that the defendant in this case was involved in criminal activity.[1]
We believe the requisite belief can be found reasonable. These officers were experienced narcotics officers, they observed defendant from four to five feet away for several minutes, they conferred about the suspected marijuana cigarette, and when Officer Walker grabbed defendant’s wrist, defendant dropped the cigarette. Moreover, the officers had every right to work undercover at a rock concert. It is not uncommon for marijuana to be smoked at a rock concert. An experienced undercover narcotics officer, observing for several minutes at close distance what appears to him to be a marijuana cigarette in the hands and mouth of a patron at a rock concert should make a further investigation by detaining the patron and by examining the cigarette. In any event, however, this defendant dropped the cigarette, when Officer Walker, making the “stop,” grabbed his hand, and effectively abandoned that cigarette to the police.[2] The initial stop or detention in these circumstances, we hold, was lawful. The arrest *1226 and search incident to the arrest were also lawful.
At appellant’s cost, the conviction in each instance is AFFIRMED.

. In Goodson, supra, we noted that one or more factors are often emphasized in answering the inquiry. These factors include location, time of day, high crime area, and flight.

. Defendant’s arrest occurred almost simultaneously with the retrieval of the cigarette by Officer Walker. Defendant does not question the degree of force used in effecting the stop or the arrest.