I,STEWART, J.
A jury found Derrick Winn (“Winn”) guilty as charged on one count of possession of cocaine with intent to distribute, a violation of La. R.S. 40:967 punishable by imprisonment at hard labor for no less than two nor more than thirty years, with the first two years to be served without benefits, and an optional fine. The district court imposed a sentence of six and one-half years, with the first two and one-half years to be served without benefits. Although he failed to file a motion for reconsideration of sentence, Winn argues that his sentence is excessive and that the court failed to give adequate consideration to his youth — age 19 — at the time of sentencing. We find no merit in these claims. Therefore, we affirm the conviction, amend the sentence to provide for the denial of benefits as to the first two years only, and as modified, affirm the sentence.
FACTS
The record discloses that on January 5, 2002, Winn and a companion shoplifted two jackets at a store in the Pecanland Mall in Monroe. They were arrested after a brief foot pursuit. While Winn was being booked into jail, the police found 35 rocks of crack cocaine and some marijuana in his pants pocket. Winn told the arresting officers he had paid $60 for the cocaine and had received a little extra to sell to make money. Following a trial on the merits, a jury convicted Winn of one count of possession of cocaine with intent to distribute. This appeal followed.
*70 DISCUSSION
When, as here, a defendant fails to file a motion for reconsideration of sentence he is relegated to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
Prior to imposing sentence, the trial court reviewed a pre-sentence investigation report and considered the facts of the case and the defendant’s social history. The court noted that at the time of this offense Winn was on probation following his conviction, two months earlier, for attempted simple burglary. He had never reported to the assigned probation officer. Winn had also been institutionalized as a juvenile for unauthorized use of a motor vehicle and had a pending bench warrant on an unrelated shoplifting charge. Accordingly, the court determined Winn was in need of a custodial environment.
On this record, we do not find constitutional error. Winn faced a sentencing exposure of up to 30 years. The sentence imposed is only slightly more than one-fifth of that range. Thus, the sentence, as amended, is not illegal. Moreover, we do not find the sentence to be grossly disproportionate to the severity of the offense or shocking to the sense of justice. Winn is a second felony offender who committed the instant offense while in probationary status. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence which, under the facts and circumstances of this case, is not constitutionally excessive.
We also note that even had defense counsel filed a motion for reconsideration of sentence, our disposition would not change. There is no | ¡¡requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
However, the statute of conviction, as amended by Acts 2001, No. 403, effective June 15, 2001, allows only two years to be without benefits. Accordingly, this court must amend the sentence to provide for the denial of benefits as to the first two years only. See, e.g., State v. Fontenot, 2001-0178 (La.App. 4th Cir.8/8/01), 795 So.2d 410, 412, writ denied, 2001-2627 (La.10/4/02), 826 So.2d 1114.
CONCLUSION
The record adequately indicates the trial court was aware of defendant’s age and gave that fact such weight as was deemed appropriate. Therefore, the conviction and sentence, as amended, are affirmed.
AMENDED AND AFFIRMED AS AMENDED.