962 So.2d 480 (2007)
STATE of Louisiana
v.
Phillip TAYLOR.
No. 2007-KA-0069.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 2007.
Eddie J. Jordan, Jr., District Attorney of Orleans Parish, Battle Bell, IV, Assistant *481 District Attorney of Orleans Parish, New Orleans, Louisiana, for Plaintiff/Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO, JR.).
JAMES F. McKAY, III, Judge.
STATEMENT OF CASE
On February 8, 2006, the State of Louisiana charged Phillip Taylor with one count of simple possession of cocaine. At his arraignment on May 22, 2006, he pled not guilty. The court heard and denied his motions to suppress the evidence and statement on June 9, 2006. On June 22, 2006, a six-person jury found him guilty as charged. On September 15, 2006, the court sentenced him to serve three years at hard labor. Also on that date the court denied the defendant's motion to reconsider sentence but granted his motion for appeal. The State has filed a multiple bill in this case, but the hearing has not yet been held.
FACTS
At trial, Officer Brandon Singleton testified that he and his partner were on patrol on the evening of January 8, 2006. At approximately 10:00 p.m. they were driving down Forshey Street toward Carrollton Avenue. As they neared the corner of Fern Street, they noticed the defendant Phillip Taylor riding a bicycle erratically down Fern Street, swerving back and forth. Officer Singleton testified that when the defendant got near the corner of Forshey, he rode his bicycle directly into a large, deep pothole and fell off the bike. Officer Singleton testified he got out of his car and walked over to the defendant to see if he needed help, and when he got near him he could smell the odor of alcohol emanating from the defendant. He stated that because the defendant's speech was slurred and he could barely stand, he believed that he was intoxicated. Officer Singleton testified that his partner picked up the defendant's bike, while he arrested the defendant for public intoxication. He advised the defendant of his rights and searched him incidental to his arrest. He seized a rock of what appeared to be crack cocaine from the left front pocket of the defendant's jeans. The officers again advised the defendant of his rights and asked him if the crack was his. He admitted it was. The officers then took the defendant to Central Lockup and placed the evidence on the books at Central Property and Evidence.
The defendant denied having any cocaine that night. He testified that he was returning from a painting job to his house on Forshey when he saw the officers, who were talking with other people in the area. He testified that he dodged the hole on Fern Street, but the officers, who were in two cars, called him over and asked where he was going. He testified that he told them he was going to his house, and then they asked him why he was out of breath. He testified that he told them he had just come from a job, and they told him to get against their car. They then asked him if he had been drinking, an accusation he denied. He insisted that he did not drink, but they said he smelled like alcohol and that he was going to jail for public drunkenness. He testified that after one officer frisked him and found nothing, another officer told the first officer that he did not search the defendant well enough, and that officer then frisked him and then announced: "Oh, look what I got." The defendant testified that the officer, however, never showed him any drugs. The defendant insisted that when the officers asked *482 who the drugs were for, he responded that they were not his. The defendant admitted he had prior convictions for simple robbery and burglary, and he denied using crack cocaine. After further questioning, he admitted having two convictions for possession of cocaine, but he insisted he pled guilty to both charges not because he was guilty but instead to be allowed to go home the day of the pleas.
ERRORS PATENT
A review of the record reveals no patent errors.
ASSIGNMENT OF ERROR
By his sole assignment of error, the defendant contends that the trial court erred by denying his motion to suppress the evidence. Specifically, he argues that the officers used his supposed intoxication as a pretext to arrest him, rather than issue him a citation. Without this arrest, the officers would not have searched him and found the cocaine. The officer's testimony at the suppression hearing basically tracked that he gave at trial. It is clear that the officers seized the cocaine during a search incident to his arrest for public intoxication. See State v. Wilson, 467 So.2d 503 (La.1985); State v. Dowell, XXXX-XXXX (La.App. 4 Cir. 9/24/03), 857 So.2d 1098; State v. Fontenot, XXXX-XXXX (La.App. 4 Cir. 8/8/01), 795 So.2d 410. Thus, if the officers were justified in stopping and arresting the appellant for public intoxication, the search incident to his arrest was lawful.
In State v. Thompson, XXXX-XXXX, pp. 5-6 (La.4/9/03), 842 So.2d 330, 335, the Court set forth the standard for determining whether an officer can lawfully detain a defendant:
Reasonable suspicion for an investigatory stop is something less than probable cause and must be determined under the specific facts of each case by whether the officer had sufficient knowledge of particular facts and circumstances to justify the infringement on individual's right to be free from governmental interference. State v. Varnell, 410 So.2d 1108 (1982); State v. Bickham, 404 So.2d 929 (La.1981); State v. Blanton, 400 So.2d 661 (La.1981); State v. Ault, 394 So.2d 1192 (La.1981). . . . In determining whether or not reasonable cause exists to temporarily detain a person, the totality of the circumstances, "the whole picture," must be considered. State v. Belton, 441 So.2d 1195, 1198 (La.1983) (citing United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).)
By contrast: "Probable cause to arrest exists when the facts and circumstances known to the officer, and of which he has reasonably trustworthy information, are sufficient to justify a man of ordinary caution in believing the person to be arrested has committed an offense." State v. Parker, XXXX-XXXX, p. 2 (La.6/16/06), 931 So.2d 353, 355. See also Wilson; Dowell.
§ 54-405 of the New Orleans Municipal Code provides: "It is unlawful for any person to appear in a public place manifestly under the influence of alcohol, narcotics or other drugs, not therapeutically administered, to the degree that he may endanger himself or other persons or property." See State v. Cambrice, XXXX-XXXX, XXXX-XXXX (La.App. 4 Cir. 9/8/04), 884 So.2d 628; State v. Smiley, 99-0065 (La.App. 4 Cir.3/3/99), 729 So.2d 743. In Cambrice, this court found that officers were justified in approaching the defendant who was sleeping on a bench in a public area to determine if he was actually asleep or if he needed medical assistance. Furthermore, this court found that because of the defendant's condition (strongly smelling of alcohol and slurring his words), he was a danger to the public, and *483 the officers were justified in arresting him for public intoxication.
Here, the officers saw the appellant riding toward them on his bicycle, weaving back and forth. They then saw him ride into a deep pothole and fall off the bike. The officers did not need either reasonable suspicion or probable cause to approach him merely to see if he was hurt. See State v. Fisher, 97-1133 (La.9/9/98), 720 So.2d 1179; State v. Handy, XXXX-XXXX (La.App. 4 Cir. 9/25/02), 828 So.2d 1207. Once Officer Singleton approached the appellant, he smelled the odor of alcohol emanating from him. In addition, the officer testified that the defendant could not stand and that he slurred his speech. Because he had already ridden into a pothole and fallen off his bicycle, the officers were justified in believing that the appellant was both intoxicated and a danger to himself. Thus, the officers had probable cause to arrest him for public intoxication.
The defendant argues, however, that the officers were not justified in arresting him because they should have merely issued him a citation for public drunkenness, rather than arresting him. At the suppression hearing, the officer testified that he could not write the defendant a traffic citation for drunk driving because he did not have any traffic citation books, so he wrote him a citation for public intoxication. The defendant insists that a citation would have been sufficient and that his arrest was merely a pretext to search him. In support, he cites State v. Harris, 05-0741 (La.App. 5 Cir. 8/26/05), 916 So.2d 284, where the court found that the arrest and search of a defendant for a littering violation was constitutionally unreasonable. Harris is distinguishable. As per La. C.Cr.P. art. 211, an officer may issue a summons rather than arrest a defendant for a misdemeanor under certain circumstances, including that the officer "has no reasonable ground to believe that the person will cause injury to himself or another." La.C.Cr.P. art. 211 A(2). Here, the officers had already seen the appellant ride into the pothole and fall off his bicycle. The officers were justified in believing that the appellant could have been a danger to himself if they merely issued him a citation and let him leave. Indeed, in Cambrice, this court found that the officers were justified in arresting the defendant who was found sleeping on a bench in a public area. Thus, the officers in this case were justified in arresting the appellant for public drunkenness.
The defendant also argues that the arrest was merely a pretext for the officers to search him. However, even if the officers' subjective intentions were to stop and search the appellant, the fact that they had probable cause to believe he violated the ordinance against public intoxication supported the lawful arrest. See Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Cheatham, XXXX-XXXX (La.App. 4 Cir. 5/19/04), 876 So.2d 137.
In State v. Scull, 93-2360, p. 9 (La. App. 4 Cir. 6/30/94), 639 So.2d 1239, 1245, this court stated: "The trial court is vested with great discretion when ruling on a motion to suppress." See also State v. Jones, XXXX-XXXX (La.App. 4 Cir. 11/6/02), 832 So.2d 382; State v. Briley, XXXX-XXXX (La.App. 4 Cir. 10/3/01), 798 So.2d 1191. Here, there is nothing in the record before this court to conclude that the trial court abused its discretion by denying the motion to suppress the evidence. This claim has no merit.
Accordingly, we affirm the appellant's conviction and sentence.
AFFIRMED.